UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Maurice Wilburn,

Plaintiff,

vs.

The City of Minneapolis; William Woodis and James Lynch, acting in their individual capacities as Minneapolis police officers; and John Doe and Richard Roe, unknown officers acting in their individual capacities as Minneapolis police officers,

Defendants.

Case No. 01-2113(ADM/SRN)

STIPULATION AND PROTECTIVE ORDER

STIPULATION

Plaintiff and the City of Minneapolis ("the City"), by and through their respective counsel, hereby agree and stipulate as follows:

1. Plaintiff has requested documents under Rule 34 of the Federal Rules of Civil Procedure which are classified as non-public under the Minnesota Data Practices Act from the City regarding defendants Woodis and Lynch.

2. The City will produce copies of these documents, with the exception of defendants' home addresses, home phone numbers and social security numbers, as soon as practicable, under the terms and conditions as specified below:

a. The documents to be produced in response to this Order shall be considered "Confidential Materials" under the terms of this Order, and this Order shall govern the examination and use of such documents.

MAR 2 0 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

b. Confidential Materials and information derived therefrom shall be disclosed to and used by only "Qualified Persons," as defined in subparagraph d below. The Confidential Materials may not be disclosed to the plaintiff unless relevant to issues on which plaintiff must testify, in which case plaintiff will become bound by all terms and conditions of this Order, as any actual or potential witness in subparagraph 2(g)(iii). However, this does not preclude counsel from generally disclosing the content of Confidential Materials as the same relates to strategic, tactical or settlement decisions on which the plaintiff would be required to approve or acquiesce. In such instance, plaintiff also will become bound by the terms and conditions of this Order. It is expressly understood that plaintiff may not use Confidential Materials for any purpose or advantage outside the scope of the issues directly addressed by this action.

c. If counsel wish to use or inquire about Confidential Materials or information derived therefrom at any deposition, the portion of the deposition transcript that relates to the Confidential Materials or information derived therefrom may be designated as "Confidential," and, if so designated, the portion of the deposition transcript so designated shall be treated as Confidential Materials subject to the provisions hereof.

d. Confidential Materials (including portions of deposition transcripts that are designated as "Confidential") or information derived therefrom may be disclosed or made available by counsel for the parties only to "Qualified Persons" as defined herein. "Qualified Persons" are:

i. The court (subject to the provisions of subparagraph g hereof);

ii. Counsel to the parties to the action and the paralegal, clerical, secretarial staff employed by such counsel and expert witnesses and their staff retained by the parties;

iii. Court reporters employed in connection with any deposition in the action; and

iv. Any other person that the parties agree to in writing.

e. Confidential Materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraph g hereof.

f. If Confidential Materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the court.

g. Nothing contained in this Order shall preclude a party from showing any Confidential Materials or disclosing information derived therefrom to any actual or potential third party witnesses, either prior to a deposition or trial or during a deposition or a trial, provided that:

i. If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel for the witness;

ii. The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and

iii. The actual or potential witness shall be provided a copy of this Order and advised that it is applicable to him or her. Such actual or potential witness and

his or her attorney shall be bound by subparagraph b of this Order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials nor any information derived from them to anyone who is not a Qualified Person within the meaning of this Order.

3. In the event that any Confidential Material or information derived therefrom is used in a court proceeding herein, such documents or information shall not lose their confidential status through such use.

4. Nothing herein shall be construed to affect in any way any party's right to object to the admissibility of any document, testimony or other evidence at trial.

5. The Confidential Materials produced in response to this Order shall not be given, conveyed or otherwise transmitted to any member of the broadcast or print media. The parties shall not disclose any of the information contained in the Confidential Materials to any member of the broadcast or print media or their agents.

6. If a party receives a subpoena or other court process that arguably calls for the production of Confidential Materials, the party, upon receipt of the subpoena or other process, shall notify counsel for Defendants and all other parties before producing such Confidential Materials.

7. Upon termination of this litigation, counsel shall return all Confidential Materials and copies thereof to counsel for Defendants upon request, after notification of said termination.

8. The designation of any document, or information or thing as confidential under this Order is for purposes of this protective order only and shall not be used for the purpose of interpretation or other legal or substantive issues raised in this litigation apart from the application of this Order.

Dated: March 14, 2002.

JAY M. HEFFERN
City Attorney

By: James A. Moore
James Moore (16883X)
*Attorneys for Defendants Woodis, Lynch and the City of Minneapolis*
300 Metroplitan Centre
333 South Seventh Street
Minneapolis, MN 55402-2453
(612) 673-2010

DATED: March 13, 2002

FLYNN, GASKINS & BENNETT, L.L.P.

By:
Robert Bennett (6713)
Eric Hageman (258180)
*Attorneys for Plaintiff*
2900 Metropolitan Centre
333 South Seventh Street
Minneapolis, MN 55402
(612) 333-9500

ORDER

IT IS HEREBY ORDERED, pursuant to the foregoing Stipulation, Defendants shall produce the above-described documents pursuant to the protections set forth above.

Dated: March 20, 2002

BY THE COURT:

Susan Richard Nelson
United States Magistrate Judge

924prot-ord

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.